**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF MICHIGAN**
**SOUTHERN DIVISION**

CHERYL McCARTY and CHERYL McCARTY,
as Next of Friend for  KAMYA McCARTY,
ZARI YAH McCARTY and  NYAJA ROGERS,
 minors,

              Plaintiff,                            Judge

                                            Magistrate
Vs                                           Case No:

CITY OF SOUTHFIELD, Officer
KEITH BIRBERICK,  JEFFERY TINSMAN
And BRYAN JARRELL Both Acting Chief of
Southfield Police, Officer BRIAN
BASSETT and Lt. CAM MILANO
              Defendants,

---

**CYRIL C. HALL, P.C.**
By: Cyril C. Hall (P29121)
Attorney for Plaintiffs
14650 W. Warren
Dearborn, MI 48126
(313) 582-7930

**LAW OFFICES  OF DIANA L. MCCLAIN**
**& ASSOCIATES, P.C.**
By: Diana L. McClain P 54781        .
Attorney for Plaintiffs
149 Franklin Blvd
Pontiac, MI 48341
248-333-1135
dlmcclain@aol.com

---

## COMPLAINT AND JURY DEMAND

    **NOW COMES** Plaintiffs, CHERYL McCARTY  and CHERYL McCARTY , as next
of Friend to , and by and through their attorneys, CYRIL HALL P.C. and LAW OFFICES
OF DIANA L. McCLAIN and in support of Plaintiffs' Complaint states unto this
Honorable Court as follows:

## INTRODUCTION

1.      That Plaintiff, CHERYL McCARTY is a resident of the City of  Pontiac, County of  Oakland and State of Michigan.

2.      That Plaintiffs, KAMYA McCARTY, ZARIYAH McCARTY and  NYAJA ROGERS, are residents of the City of Pontiac County of Oakland and State of Michigan.

3.      That at all times referred to, Defendant City of Southfield, is a municipal corporation, duly organized and existing by virtue of the laws of the State of Michigan and its principal place of business in Oakland County, Michigan.

4.      That Defendant, KEITH BIRBERICK (hereinafter referred to as "BIRBERICK"), at all relevant times, was a POLICE OFFICER who worked for Southfield Police Department , and was at all times material to this cause of action performing his duties as a police officer within the County of Oakland in the State of Michigan

5.      That Defendant, Lt. CAM MILANO (hereinafter referred to as "MILANO"), at all relevant times, was a POLICE OFFICER who worked for Southfield Police Department , and was at all times material to this cause of action performing his duties as a police officer within the County of Oakland in the State of Michigan

6.      That Defendant, BRIAN BASSETT (hereinafter referred to as "BASSETT"), at all relevant times, was a POLICE OFFICER who worked for Southfield Police Department , and was at all times material to this cause of action performing his duties as a police officer within the County of Oakland in the State of Michigan

7.     That Defendants JEFFERY TINSMAN and BRYAN JARRELL, at all relevant times, was the Acting Chief of Police who worked for City of Southfield, and was at all times material to this cause of action performing his duties as the Chief of Police within the, County of Oakland in the State of Michigan

8.     That the amount in controversy exceeds Seventy-Five Thousand ($75,000.00) Dollars, exclusive of interest, cost and attorney fees, and all events hereafter alleged occurred in the City of Southfield, County of Oakland , State of Michigan and therefore, venue and jurisdiction is proper in this Court.

## FACTUAL ALLEGATIONS

9.     Plaintiffs hereby re-alleges and incorporates by reference, Paragraphs 1 through 8 of Plaintiffs' Complaint, paragraph by paragraph and word for word, as if fully set forth herein.

10.     That on or about October 24, 2011, at approximately 7:29 a.m., Defendant KEITH BIRBERICK, assaulted all plaintiffs  when he intentionally rammed his police SUV into Plaintiff Cheryl McCarty's vehicle.

11.     That Plaintiff McCarty's vehicle contained her grand children to wit: KAMYA McCARTY, ZARI YAH McCARTY and  NYAJA ROGERS all  minors,

12.     That once Defendant KEITH BIRBERICK rammed Plaintiff's vehicle, Plaintiff's vehicle was forced into the intersection of Ten Mile Road and Lasher into the path of oncoming traffic.

13.     That Plaintiff's vehicle was rammed a second time into a nearby gas station narrowly missing on coming motorists and a row of gas pumps at a gas station located on the Northeast corner of the aforementioned intersection.

14.    That Defendant BIRBERICK rammed Plaintiff's vehicle twice.

15.    That as a result of Defendant's Gross negligence and intentional conduct Plaintiffs have sustained extensive  injuries as a result of being jolted and thrown in the vehicle due to the force/impact of being hit twice by Defendant BIRBERICK.

16.    That on a date certain, Plaintiff, McCarty attempted to file a citizen's complaint against defendant BIRBERICK, but was dissuaded and not allowed to do so.

17.    That on the date of the incident, October 25, 2011, Plaintiff immediately went to the Southfield Police Department to make a report and a citizen complaint

18.    That Plaintiff spoke with both Defendant  MILANO and BASSET and both refused to allow her to make a citizen complaint.

19.    That Plaintiff also requested the opportunity to view the dash cam video.

20.    That on or about October 25, 2011, Plaintiff was told by both Inspector MILANO and Defendant BASSETT that Defendant Birberick had destroyed the dash cam video.

21.    That after Plaintiff retained counsel only then was Plaintiff allowed to make a formal citizen complaint.

22.    That as a direct and proximate result of Defendants' actions, Plaintiff was deprived of rights, privileges and immunities under the Fourth Amendment to the United States Constitution and the laws of the State of Michigan with said actions causing Plaintiffs significant physical and mental suffering.

23.    That Defendant City of  Southfield as a matter of practice, policy and custom, has, with deliberate indifference failed to sanction or discipline officers, including the Defendants in this case, who concealed violations of the constitutional

rights of citizens by other officers, thereby causing and encouraging officers, including the Defendants in this cause, to engage in unlawful and unconstitutional conduct.

24.    That Defendant City of Southfield, was deliberately indifferent to, and permitted and tolerated a pattern and practice of violation of constitutional rights , although such violation of rights were improper, the officers involved were not prosecuted, disciplined or subjected to re-training.

18.    That the policies and practices complained of include, but are

not limited to the following:

(a)    Deliberate indifference in failing to train and re-
train the officers to follow constitutional
precedent and legal
guidelines in the detention and questioning of individuals      ;

(b)    deliberate indifference in failing to train and re-train
officers in the application of reasonable inquiry
regarding arrest and detention of individuals;

(c)    deliberate indifference to properly supervise
officers deliberately encouraging an atmosphere
of lawlessness by Southfield officers when
dealing with the public;

## COUNT I –
## GROSS NEGLIGENCE AS TO DEFENDANT KEITH BIRBERICK

19.    Plaintiffs hereby re-alleges and incorporates by reference, Paragraphs 1 through 18 of Plaintiffs' Complaint, paragraph by paragraph and word for word, as if fully set forth herein.

20.    That Defendants actions were grossly negligent

21.    At all times relevant herein, Defendants had the following

ministerial duties, notwithstanding their standard duty of care:

a)   To use due care in ascertaining whether there is probable
     cause to detain a citizen for a specific offence

b)   To obey all statutes, rules, regulations and
     applicable laws; and

c)   To preserve the peace and protect the lawful
     rights of citizens.

22.   Defendant officers breached the aforementioned duties and were grossly negligent, as defined by statute, to-wit: MCLA 691.1407, when they conducted themselves in a manner so reckless as to demonstrate a substantial lack of concern for whether an injury would result in one, some or all of the following particulars:

a)   To use due care in ascertaining whether there is probable
     cause to detain a citizen

b)   To obey all statutes, rules, regulations and
     applicable laws; and

c)   To preserve the peace and protect the lawful
     rights of citizens.

23.   As a direct and proximate result of the Defendants aforementioned wrongful conduct, Plaintiffs experienced loss of enjoyment of life, humiliation, and degradation

**WHEREFORE**, Plaintiffs seek judgment against Defendants, jointly and severally, in whatever amount in excess of Seventy-Five Thousand ($75,000.00) Dollars, to which Plaintiffs are entitled which are reasonable, fair and just, plus costs, interest and attorney fees, together with exemplary and/or punitive damages.

## COUNT II
## INTENTIONAL INFLICTION OF EMOTIONAL DISTRESS AS TO DEFENDANT
## KEITH BIRBERICK

24.     Plaintiffs hereby re-alleges and incorporates by reference, Paragraphs 1 through 23  of Plaintiffs' Complaint, paragraph by paragraph and word for word, as if fully set forth herein.

25.   That the Defendant's, intentional ramming of Plaintiff's vehicle leading to the injuries to Plaintiffs and her grandchildren  resulted in emotional distress to Plaintiffs.

26.   That the events described above caused severe emotional distress to Plaintiff

27.   That the emotional distress suffered by Plaintiffs, physically manifested itself in symptoms including, but not limited to:

(a)   Shaking hands;

(b)   Sleeplessness;

(c)   Increased anxiety

(d)   Headaches;

(e)   Nausea

(f)   Nightmares

(g)   Crying and Spells

(h)   Cold sweats

   (i)   Loss of appetite;

   Such other injuries and physical manifestations as may appear during the course of discovery and trial in this matter

**WHEREFORE**, Plaintiff seeks judgment against Defendants, in whatever amount in excess of Seventy-Five Thousand ($75,000.00) Dollars, to which Plaintiffs are entitled which are reasonable, fair and just, plus costs, interest and attorney fees,

together with exemplary and/or punitive damages.

## COUNT III
## VIOLATION OF 42 U.S.C. - 1983 AS TO ALL DEFENDANTS

28.     Plaintiff hereby realleges and incorporates by reference, Paragraphs 1 through 27 of Plaintiff's Complaint, paragraph by paragraph and word for word, as if fully set forth herein.

29.     That Plaintiffs had the following clearly established rights:

      a)     to be free from unreasonable detention and seizure;

      b)     to be free from deprivation of liberty without due process.

30.     That the conduct of the Defendants as alleged in this Complaint was, at all times pertinent, unlawful, deliberately indifferent to Plaintiffs' rights, objectively unreasonably, negligent, grossly negligent, reckless, willful and wanton.

31.     At all times relevant herein, Defendants, notwithstanding their standard of duty of care, owed to Plaintiffs the following duties:

.

      a)     to refrain from inflicting intentional emotional distress upon Plaintiffs;

      b)     to refrain from assaulting  Plaintiffs  without justification and without having established probable cause to arrest or reasonable suspicion to detain or pursue Plaintiff

32.     Defendants intentionally, willfully, wantonly and recklessly breached one or more of said duties by:

      a)     inflicting intentional emotional distress upon Plaintiffs;

      b)      assaulting  Plaintiffs  without justification and without having established probable cause to arrest or reasonable suspicion detain.

33.     At all times relevant herein, Defendants were acting within the scope of their employment for Defendant law enforcement agencies, and under color of their

authority as law enforcement officers with these agencies.

34.     As a direct and proximate result of said intentional willful, wanton and reckless conduct of Defendants, Plaintiff suffered serious and permanent injuries to their bodies and minds, mental anguish, pain and suffering, loss of wages, loss of enjoyment of life, humiliation, degradation and incurred medical expenses, all past, present and future.

**WHEREFORE,** Plaintiffs seek judgment against Defendants, in whatever amount in excess of Seventy-Five Thousand ($75,000) Dollars, to which Plaintiffs are entitled which are reasonable, fair and just, plus costs, interest and attorney fees, together with exemplary and/or punitive damages.

## IV: CONSTITUTIONAL DEPRIVATION
## INDIVIDUAL LAW ENFORCEMENT OFFICER DEFENDANT KEITH BIRBERICK

35.     Plaintiff hereby realleges and incorporates by reference, Paragraphs 1 through 34 of Plaintiff's Complaint, paragraph by paragraph and word for word, as if fully set forth herein.

36.     That Jurisdiction is based on 29 USC Subsection 1331.

37.     At all times relevant herein, Defendants acted under color of statutes, ordinances, regulations and/or customs of the State of Michigan, and pursuant to the customs, policies and/or practices of Defendants CITY OF SOUTHFIELD, all of which subjected all of the above-named Plaintiffs to the deprivation of their rights, privileges and immunities secured by the Constitutions and laws of the United States and the State of Michigan.

38.     The Civil Rights Act, 42 USC SS1983, provides for civil liberty under federal law for the deprivation of any right, privilege or immunity secured by the Constitution and the laws of the United States, while committed under color of law.

39.     Defendants are civilly liable to Plaintiff pursuant to 42 USC SS1983, because all of the above-described deliberately indifferent, grossly negligent, reckless, willful, wanton, malicious and/or intentional acts and/or omissions of Defendants, as set forth in Counts I through VII were committed under color of law and pursuant to the customs, policies and/or practices of Defendant CITY OF SOUTHFIELD  and its police department, all of which subjected Plaintiffs to deprivation of their rights, privileges and immunities secured by the United States Constitution, Amendments IV.

40.     As a direct and proximate result of the aforementioned wrongful, conduct and Constitutional violations, Plaintiffs suffered serious and permanent injuries to their mind, mental anguish, pain and suffering, loss of wages, loss of enjoyment of life, humiliation, degradation, and incurred medical expenses, all past, present and future.

**WHEREFORE,** Plaintiffs seek judgment against Defendants, in whatever amount in excess of Seventy-Five Thousand ($75,000.00) Dollars, to which Plaintiffs are entitled which are reasonable, fair and just, plus costs, interest and attorney fees, together with exemplary and/or punitive damages.

**COUNT V - CONSTITUTIONAL DEPRIVATION**
**MUNICIPAL/SUPERVISORY LIABILITY AS TO DEFENDANTS CITY OF SOUTHFIELD,**
**ACTING CHIEF OF POLICE JEFFERY TINSMAN AND BRYAN JARRELL**

41.     Plaintiff hereby realleges and incorporates by reference, Paragraphs 1 through 40 of Plaintiff's Complaint, paragraph by paragraph and word for word, as if fully set forth herein.

42.     At all times relevant herein, Defendants by their own customs, policies and/or practices systematically failing to properly train, evaluate, supervise, investigate, review

and/or discipline their police officers under their supervision, allowed, acquiesced in, and/or encouraged the other Defendants to function as police officers and to unlawfully confront, assault, batter, use excessive force, verbally abuse, humiliate, mistreat and falsely arrest and imprison Plaintiffs and thereby directly and proximately caused Plaintiffs to be deprived of their liberty and their right to be free from the use of excessive force, false arrest, false imprisonment, unreasonable search and seizure and other unreasonable intrusions against their persons without due process of law, in violation of the United States Constitution, Fourth Amendment.

43.     At all times relevant herein, Defendants, by their own customs, policies, and/or practices of systematically failing to enforce their own rules and regulations pertaining to the use of force against, arrest, custody, detention and prosecution of citizens, including Plaintiff, in violation of all standards of decency and minimum requirements under the law and the Constitution, Plaintiff was deprived of his liberty and his right to be free from unreasonable searches and seizures, the use of excessive force, false arrest, false imprisonment and other unreasonable intrusions against his person without due process of law, in violation of the United States Constitution, Article 1m Subsection 11 and 17.

44.     Defendant police officer KEITH BIRBERICK , is liable for his intentional, deliberately  indifferent, willful, wanton, reckless and/or grossly negligent acts and/or omissions which constituted customs, policies and/or practices which resulted in the unlawful, unjustified and wrongful seizure of Plaintiffs' liberties, person and health without due process of law, all of which were proximate results of their injuries.

45.     At all times relevant herein, Defendants CITY OF SOUTHFIELD, and by its failure to intervene to prevent the intentional, willful and wanton, reckless,

deliberately indifferent, grossly negligent and/or negligent acts and/or omissions of the employees and/or agents under their supervision, proximately caused Plaintiffs to be deprived of their liberty and of their right to be free from unreasonable intrusions against their person without due process of law, in violation of the United States Constitution, fourth Amendments ,

46.    At all times relevant herein, Defendant CITY OF SOUTHFIELD, and by ITS direction from which the intentional, willful and wanton, reckless, deliberately indifferent, grossly negligent and/or negligent acts and/or omissions of the employees and/or agents under their supervision were foreseeable, allowed, acquiesced in and/or encouraged Defendants POLICE OFFICER and other unknown persons, to function as police officers and to unconstitutionally assault and seize citizens, including Plaintiffs, thereby proximately causing Plaintiff to be deprived of their liberty, and their freedom from unreasonable detention  and seizures and other unreasonable intrusions against their person without due process of law, in violation of the United States Constitution, Fourth Amendments.

47.    At all times relevant herein, Defendants, CITY OF SOUTHFIELD  and by its failure to correct the behavior of the employees and/or agents under his supervision which said Defendants knew or should have known, created the potential for the intentional, willful and wanton, reckless, deliberately indifferent, grossly negligent, and/or omissions of Defendants allowed, acquiesced in and/or encouraged said individual Defendants to function as police officers and to unlawfully confront, assault, batter, use excessive force against, verbally abuse, humiliate, mistreat and detain Plaintiffs, thereby proximately causing Plaintiffs to be deprived of their liberty and of

their right to be free from unreasonable intrusions against their person without due process of law, in violation of United States Constitution, Fourth Amendments.

48.    Defendant CITY OF SOUTHFIELD , and is liable for its acts and/or omissions resulting in violations of the Constitution of the United States.

49.    The Civil Rights Act, 42 USC SS 1983, provides for civil liberty under federal law for the deprivation of any right, privilege or immunity secured by the Constitution and the laws of the United States, while committed under color of law.

50.    Defendants are civilly liable to Plaintiffs pursuant to 42 USC SS1983, because all of the above-described deliberately indifferent, grossly negligent, reckless, willful, wanton, malicious and/or intentional acts and/or omissions of Defendants, as set forth in Counts I through V were committed under color of law and pursuant to the customs, policies and/or practices of Defendants CITY OF SOUTHFIELD  and its police department, all of which subjected Plaintiff to deprivation of their rights, privileges and immunities secured by the United States Constitution, Amendments I, IV, V and XIV.

51.    As a direct and proximate result of said Constitutional violations, Plaintiffs suffered serious and permanent injuries to their body and mind, mental anguish, pain and suffering, loss of wages, loss of enjoyment of life, humiliation, degradation and incurred medical expenses, all past, present and future.

**WHEREFORE,** Plaintiff seek judgment against Defendants, in whatever amount in excess of Seventy-Five Thousand ($75,000.00) Dollars, to which Plaintiff is entitled which are reasonable, fair and just, plus costs, interest and attorney fees, together with exemplary and/or punitive damages.

## COUNT VI
## ASSAULT and BATTERY AS TO DEFENDANT KEITH BIRBERICK

52.     Plaintiff hereby realleges and incorporates by reference, Paragraphs 1 through  51 of Plaintiff's Complaint, paragraph by paragraph and word for word, as if fully set forth herein.

53.     That Defendant KEITH BIRBERICK assaulted and battered Plaintiffs, absent adequate or just provocation.

54.     That as a direct and proximate result of Defendants' assault and battery of Plaintiff, Plaintiff suffered injury and damage, past, present and future, including but not limited to the following:

        a)     Pain and suffering and emotional distress;

        b)     Humiliation and embarrassment; and,

        c)     Other injuries and damages and consequences that are
             found to be related to the assault and battery that develop
             or manifest during the course of discovery and trial.

**WHEREFORE,** Plaintiffs seek judgment against Defendants, in whatever amount in excess of Seventy-Five Thousand ($75,000.00)  Dollars, to which Plaintiffs are entitled which are reasonable, fair and just, plus costs, interest and attorney fees, together with exemplary and/or punitive damages

## COUNT VII
## ABUSE OF PROCESS AS TO DEFENDANT KEITH BIRBERICK

55. Plaintiff hereby realleges and incorporates by reference, Paragraphs 1 through 54 of Plaintiff's Complaint, paragraph by paragraph and word for word, as if fully set forth herein.

56.   On or about *October 24, 2011,* Defendant  gave Plaintiff a moving violation

ticket alleging that Plaintiff failed to stop for a school bus.

57.   That Plaintiff plead not responsible and requested an informal hearing for the 46th District Court Judge.

58.  That on or about November 23, 2011, a hearing regarding the traffic ticket was held.

59.   That Defendant made false statements leading to Plaintiff being held responsible.

60.  The stated under oath that Plaintiff failed to stop for a school bus,

61.   That  there were no school buses in the area and further there were no school buses scheduled to be in the area at the time of the alleged traffic violation.

62.   Defendant knew, or should have known, that the allegations he raised against Plaintiff were false because his recitation of the facts involving the *traffic citation* was intentionally inaccurate

63.   Defendant instituted and initiated the allegations of Plaintiff's traffic violations with malice.

64.   Upon information and belief, Defendant instituted the traffic ticket and falsely testified for personal reasons, which include, but are not limited to, the following:

   a.  vexation

   b.  damage to Plaintiff's professional reputation

   c.  damage to Plaintiff's community reputation

   d.   retaliation for Plaintiff's complaint to the Southfield Police Department about Defendant's conduct and behavior on October 24, 2011.

65.    MCLA 600.2907, MSA 27A.2907 provides for civil and criminal liability for every

person who, for vexation, trouble, or with malice, causes another to be arrested,

attached, or in any way proceeded against by any process of civil or criminal action

without that person's consent.

66.    As a direct result of Defendant's malice in making allegations that initiated the

traffic citation, Plaintiff has suffered damage, including, but not limited to, harm to her

professional reputation and her reputation in the community, mental anguish and

economic damages

                                        Respectfully Submitted by:

                                         **CYRIL C. HALL, P.C.**

                                          /s/Cyril C. Hall_____
                                         By: Cyril C. Hall (P29121)
                                         Attorney for Plaintiffs
                                         14650 W. Warren
                                         Dearborn, MI 48126
Dated: August 12, 2012                   (313) 582-7930

**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF MICHIGAN**
**SOUTHERN DIVISION**

CHERYL McCARTY and CHERYL McCARTY,
as Next of Friend for  KAMYA McCARTY,
ZARI YAH McCARTY and  NYAJA ROGERS,
 minors,

                   Plaintiff,                             Judge
                                           Magistrate
Vs                                           Case No:

CITY OF SOUTHFIELD, Officer
KEITH BIRBERICK,  JEFFERY TINSMAN
And BRYAN JARRELL Both Acting Chief of
Southfield Police, Officer BRIAN
BASSETT and Lt. CAM MILANO
               Defendants,

_____

**CYRIL C. HALL, P.C.**
By: Cyril C. Hall (P29121)
Attorney for Plaintiffs
14650 W. Warren
Dearborn, MI 48126
(313) 582-7930

**LAW OFFICES  OF DIANA L. MCCLAIN**
**& ASSOCIATES, P.C.**
By: Diana L. McClain P 54781     .
Attorney for Plaintiffs
149 Franklin Blvd
Pontiac, MI 48341
248-333-1135
dlmcclain@aol.com

_____

## JURY DEMAND

    **NOW COMES** Plaintiffs by and through their attorneys, CYRIL C. HALL, P.C.

and LAW OFFICES OF DIANA L. McCLAIN & ASSOCIATES, P.C. by  CYRIL C. HALL

and hereby rely on the Jury demand submitted with Plaintiffs original Complaint and

further continue to request a trial by jury in the within cause of action.

Respectfully submitted:

Dated: August 12, 2012

**CYRIL C. HALL, P.C.**

 /s/Cyril C.Hall
By: Cyril C. Hall (P29121)
Attorney for Plaintiffs
14650 W. Warren
Dearborn, MI 48126
(313) 582-7930