UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

CHERYL MCCARTY, ET AL.,

    Plaintiffs,

v.

CITY OF SOUTHFIELD, ET AL.,

    Defendants.

_____/

Case No. 12-13605

SENIOR UNITED STATES DISTRICT
JUDGE ARTHUR J. TARNOW

**ORDER GRANTING DEFENDANT CITY OF SOUTHFIELD'S MOTION FOR SUMMARY JUDGMENT [55]**

On August 24, 2012, Plaintiffs filed a Complaint [Dkt. #1] against Defendant City of Southfield (the City), Defendant Birberick, and several other defendants. Plaintiffs raised only one claim against the City, arising under 42 U.S.C. § 1983. On June 28, 2013, the defendants jointly filed a Motion for Summary Judgment [31]. The Court held a hearing on the motion on December 11, 2013. During the hearing, Plaintiffs conceded that they had no valid claim against the City or any defendant but Defendant Birberick. The Court questioned whether they had adequately alleged a federal claim against Defendant Birberick

1

sufficient to support the Court's subject-matter jurisdiction. The Court held a conference with the parties immediately after the hearing, during which the Court granted Plaintiffs permission to file an amended complaint. On December 13, 2013, the Court entered an Order [37] dismissing the City (and all other defendants but Defendant Birberick) from the case.

Plaintiffs filed an Amended Complaint [38] on February 18, 2014. The Amended Complaint contains a state statutory claim against the City for negligent operation of a government-owned vehicle. Plaintiffs had not previously expressed an intent to raise this claim or asked the Court's leave to add the City as a party after its dismissal. Defendants filed a Renewed Motion for Summary Judgment [41] on March 28, 2014. Plaintiffs did not file a response. On August 7, 2014, the Court issued an Order for Plaintiffs to Show Cause Why Defendants' Renewed Motion for Summary Judgment Should Not Be Granted [42]. Plaintiffs filed a Response to the Order to Show Cause [43] on August 22, 2014.

On March 25, 2015, the Court held a hearing on the renewed motion. During the hearing, Plaintiffs conceded that they had not served the City with the Amended Complaint, though they had provided it to Defendants' counsel, who had represented the City before its dismissal. Defendants' counsel pointed out that Plaintiffs had never asked the Court's leave to add the City as a party. The Court

asked Plaintiffs if they wished to ask for leave. Plaintiffs did so, and the Court granted leave.

On December 10, 2015, the City filed the instant Motion for Summary Judgment [55] on the new claim against it. Plaintiffs did not file a response within the deadline set by the Local Rules for this district. On February 25, 2016, the Sixth Circuit affirmed the Court's denial of qualified immunity to Defendant Birberick. *McCarty v. City of Southfield*, — F. App'x —, 2016 WL 761916 (6th Cir. Feb. 25, 2016). The Court held a telephonic status conference with the parties on March 22, 2016. After the conference, the Court set an April 8, 2016, deadline for Plaintiffs' response to the City's motion. Plaintiffs have not filed a response. The Court now finds the motion suitable for determination without a hearing in accord with Local Rule 7.1(f)(2).

Plaintiffs' sole claim against the City arises under Michigan Compiled Laws § 691.1405, which provides as follows: "Governmental agencies shall be liable for bodily injury and property damage resulting from the negligent operation by any officer, agent, or employee of the governmental agency, of a motor vehicle of which the governmental agency is owner." The claim is subject to a three-year statute of limitations. Mich. Comp. L. § 691.1411(1) ("Every claim against any governmental agency shall be subject to the general law respecting limitations of actions except as otherwise provided in this section."); *id.* § 600.5805(10) ("Except

as otherwise provided in this section, the period of limitations is 3 years after the time of the death or injury for all actions to recover damages for the death of a person, or for injury to a person or property."). Because Plaintiffs sustained their injuries underlying the claim on October 24, 2011, the statute of limitations expired on October 24, 2014.

Plaintiffs filed their original complaint against the City well before October 24, 2014. However, the filing of Plaintiffs' original complaint against the City did not toll the statute of limitations because the City was dismissed without prejudice. *Rice v. Jefferson Pilot Financial Ins. Co.*, 578 F.3d 450, 457 (6th Cir. 2009) ("It is generally accepted that a dismissal without prejudice leaves the situation the same as if the suit had never been brought, and that in the absence of a statute to the contrary a party cannot deduct from the period of the statute of limitations the time during which the action so dismissed was pending.") (quoting *Wilson v. Grumman Ohio Corp.*, 815 F.2d 26, 27 (6th Cir. 1987)).

Plaintiffs also filed their Amended Complaint before the statute of limitations expired on October 24, 2014. However, Plaintiffs had neither asked for leave to add the City as a party nor served the Amended Complaint on the City by the time the statute of limitations had expired. The City was not made a party to this suit until the Court granted Plaintiffs' oral motion for leave to add the City as a party on March 25, 2015. *See Nelson v. Adams USA, Inc.*, 529 U.S. 460, 467

(2000) (stating that even though a motion to amend a pleading to add a party gave that potential party notice of potential liability, the potential party "was not a party prior to the District Court's ruling on [the] motion to amend"). Because Plaintiffs did not effectively raise their claim against the City until after the statute of limitations expired on October 24, 2014, the claim is time-barred. Accordingly,

**IT IS ORDERED** that the City's Motion for Summary Judgment [55] is **GRANTED**. The City is **DISMISSED** from the case. The Court will schedule a final pretrial conference on Plaintiffs' remaining claims against Defendant Birberick.

**SO ORDERED**.

Dated: April 22, 2016

/s/Arthur J Tarnow
Arthur J. Tarnow
Senior United States District Judge